UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH I. HARRIS,

    Plaintiff,        Case No. 8:21-cv-00236-TPB-CPT

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant

_____/

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S
NOTICE OF LEGAL ISSUES PURSUANT TO SCHEDULING ORDER**

Defendant, Midland Credit Management, Inc. ("MCM" or "Defendant") by and through its undersigned counsel, and pursuant to the Court's Fast Track Scheduling Order, [DE 9], provides Notice to the Court of the legal issues that will need to be resolved at the summary judgment stage or at trial. In support, undersigned counsel states as follows:

- **LEGAL ISSUES**
  - *Plaintiff lacks standing to bring this cause of action*
    - Plaintiff filed for Chapter 7 bankruptcy on September 1, 2020. *See* Petition No. 20-bk-06687-CPM in the Middle District of Florida.[1] Pursuant to 11 U.S.C. § 541, upon the filing of a petition for relief under the United States Bankruptcy

---

[1] Undersigned counsel was recently made aware of the Bankruptcy Action which Plaintiffs failed to disclose in the Notice of Pendency of Related Actions filed on February 8, 2021, [DE 6].

Code, 11 U.S.C. § 101 *et seq.*, all assets of the debtor become property of the estate, including causes of action arising pre-petition.[2] As such, the chapter 7 trustee is the sole party authorized to pursue pre-petition causes of action of the debtor; the debtor lacks standing to pursue such causes of action individually. *See, e.g., In re Greer*, 621 B.R. 514, 517 (Bankr. M.D. Fla. 2020) (explaining where "the complaint [is] based on allegations related to prepetition conduct . . . these causes of action — which the Plaintiff neither scheduled nor attempted to exempt in his bankruptcy filings — belong to the chapter 7 trustee in the Plaintiff's underlying bankruptcy case [and therefore] only the trustee, and not the Plaintiff, has standing to bring these causes of action"). Here, the cause of action asserted by Plaintiff against MCM plainly arose pre-petition and became property of the estate upon the filing of the petition, and Plaintiff lacks standing to pursue this action against MCM.

- *The Complaint fails to state a claim upon which relief can be granted*
  - In determining whether a debt collector's letter violates the Fair Debt Collection Practices Act, the letter must be analyzed from the perspective of the least sophisticated consumer. *Reyes v. Radius Glob. Sols.*, 2020 U.S. Dist. LEXIS 4962, at *5 (S.D. Fla. Jan. 9, 2020).
  - Plaintiff's "stop the calls" theory suggests all communications with a consumer must inform Plaintiff of her rights to cease communications under

---

[2] Moreover, to the extent that the debtor possesses any such prepetition causes of action, they are required to be set forth on the Schedules and Statement of Financial Affairs filed with the Petition. It does not appear that the debtor made the required disclosures here with respect to her asserted cause of action against MCM.

1692c(c). That theory is directly contradicted by the Ninth Circuit case in *Stimpson v. Midland Credit Management, Inc.*, No. 18-35833 (9th Cir. 2019), the Third Circuit in *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 471 (3d Cir. 2021), and *Chadwick v. Bonneville Billing & Collections, Inc.*, 2021 WL 1140206, at *1 (D. Utah Mar. 25, 2021). In the face of the exact argument, the Ninth Circuit (*Stimpson*) ruled there is no duty to advise a consumer of their rights under 1692(c)(c), and *Moyer* and *Chadwick* rejected out of hand the notion that such a letter is in any way confusing to even the least sophisticated consumer.

As outlined above, the legal issues remaining in this case will likely be resolved on Defendant's motion for judgment on the pleadings and/or motion for summary judgment.

Dated: August 24, 2021

By:     *s/ Cory W. Eichhorn*
Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Sydney B. Alexander
Florida Bar No. 1019569
sydney.alexander@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL  33131
Telephone:  (305) 374-8500
Facsimile:  (305) 789-7799

*Counsel for Defendant*
*Midland Credit Management, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 24th day of August, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on counsel identified in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                *s/ Cory W. Eichhorn*
                Cory W. Eichhorn


**SERVICE LIST**

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
630-575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*