**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUDITH I. HARRIS,

        Plaintiff,                              Case No. 8:21-cv-00236-TPB-CPT

vs.

MIDLAND CREDIT MANAGEMENT, INC.,

        Defendant.
_____/

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Midland Credit Management, Inc. ("MCM" or "Defendant"), moves for judgment on the pleadings in its favor and against Plaintiff, Judith I. Harris ("Harris" or "Plaintiff") and shows the Court as follows:

**PRELIMINARY STATEMENT**

At the outset, Plaintiff's one count claim under the Fair Debt Collection Practices Act ("FDCPA") fails because she lacks standing to bring this action.  To that end, given Plaintiff's filing of a Chapter 7 bankruptcy in September 2020, any pre-petition claims – such as the one raised in this action – are the property of the estate and the Chapter 7 trustee is the sole party authorized to assert such a claim.  Given this record, the Court must find Plaintiff lacks standing to pursue her claim.

Notwithstanding Plaintiff's lack of standing, Plaintiff's substantive allegations lack merit. In particular, Plaintiff alleges that *a single letter* dated May 19, 2020 (the "Letter") Defendant sent Plaintiff was purportedly "misleading" in violation of section 1692(e) of the FDCPA because it "implicitly implie[d]" that the only way to prevent Defendant's debt collection calls was to select a payment option enumerated in the letter.  [ECF No. 1, ¶¶ 20–21].  The one count in Plaintiff's

Complaint relies entirely on one statement in the Letter which states "STOP our calls by selecting one of these 3 options" (the "Statement"). This statement does not state that the only way to stop phone calls seeking a repayment of Plaintiff's account was to select one of these options, nor can it be implied based on a common sense reading of that statement. Within this framework, Plaintiff's strained interpretation of the Statement is bizarre and idiosyncratic, and therefore does not support the allegation that MCM violated the FDCPA.

## STANDARD OF REVIEW

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth, LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). Indeed, "[t]he main difference between the motions is that a motion for judgment on the pleadings is made after an answer and that answer may also be considered in deciding the motion," but the same "standard of review" applies: "whether the moving party is entitled to judgment as a matter of law." *King v. Akima Global Services, LLC*, No. 16-25254-CIV-MARTINEZ-GOODMAN, 2018 WL 9837836, at *2 (S.D. Fla. July 25, 2018) (citing *Paradise Drivers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005)).

Beyond Defendant's Answer and Affirmative Defenses [ECF No. 10]—in which Defendant specifically challenged Plaintiff's lack of standing and failure to state a claim upon which relief may be granted—the Court can also consider "any matter of which it can take judicial notice for the factual background of the case." *Id.* (citing *Horsley v. Rivera*, 292 F.3d 695 (11th Cir. 2002) (reviewing recorded television interview and reversing trial court's denial of motion for judgment on the pleadings)).

## ARGUMENT

**I. Plaintiff's Claims Fail Because She Lacks Standing to Bring this Cause of Action.**

Plaintiff filed for Chapter 7 bankruptcy on September 1, 2020. *See* Petition No. 20-bk-06687-CPM in the Middle District of Florida.[1] Pursuant to 11. U.S.C. § 541, upon the filing of a petition for relief under the United States Bankruptcy Code, all assets of the debtor become property of the estate, including causes of action arising pre-petition.[2] As such, the Chapter 7 Trustee is the sole party authorized to pursue pre-petition causes of action of the debtor; the debtor lacks standing to pursue such causes of action individually. *See, e.g.*, *In re Greer*, 621 B.R. 514, 517 (Bankr. M.D. Fla. 2020) (explaining where "the complaint [is] based on allegations related to prepetition conduct . . . these causes of action — which the Plaintiff neither scheduled nor attempted to exempt in his bankruptcy filings belong to the chapter 7 trustee in the Plaintiff's underlying bankruptcy case [and therefore] only the trustee, and not the Plaintiff, has standing to bring these causes of action"); *In re Echeverria*, No. 6:18-bk-07478-KS, 2020 WL 2844520, at *2 (Bankr. M.D. Fla. May 29, 2020) ("Under black letter bankruptcy law, a pre-petition cause of action is property of the Chapter 7 bankruptcy estate, and *only* the appointed Chapter 7 Trustee has standing to pursue it.") (emphasis in original).

---

[1] Courts may take judicial notice of public records, including court filings. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1364 (S.D. Fla. 2016) ("[C]ourts may take judicial notice of public records, such as a pleading filed in another court, because such documents are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)).

[2] Moreover, to the extent that the debtor possesses any such pre-petition causes of action, they are required to be set forth on the Schedules and Statement of Financial Affairs filed with the Petition. It does not appear that the debtor made the required disclosures here with respect to her asserted cause of action against MCM. "A debtor's failure to list an interest on a bankruptcy schedule leaves that interest forever in the bankruptcy estate." *In re Echeverria*, No. 6:18-bk-07478-KSJ, 2020 WL 2844520, at *2 (Bankr. M.D. Fla. May 29, 2020).

Here, the cause of action asserted by Plaintiff against MCM plainly arose pre-petition and became property of the estate upon the filing of the petition, and Plaintiff lacks standing to pursue this action against MCM. In such a situation, there is no question that Plaintiff's claims fail:

> Here, the Debtors did not disclose their claims against Defendants in their schedules. Therefore, because the claims are unscheduled, they remain unabandoned and part of the property of the estate. Only the Chapter 7 Trustee has standing to assert these claims. Debtors have not stated a plausible claim to relief and may not assert the claims raised in this adversary proceeding.
>
> Again, this makes sense. Debtors failed to tell their Chapter 7 Trustee about these claims. Perhaps he would have pursued them; perhaps not. But, without doubt, Debtors cannot pursue the claims that remain property of the estate. Nor would it be fair to allow the Debtors to secret these undisclosed claims, sue Defendants, and then, if successful, keep any recovery that rightfully first should go to pay Debtors' creditors. Debtors cannot get the benefits of a bankruptcy discharge and cherry pick assets, like the claims in this adversary proceeding, they would like to retain. Part of the "bargain" in filing bankruptcy is relinquishing your right to pursue pre-petition claims like those asserted in this adversary proceeding. The adversary proceeding will be dismissed with prejudice due to the Plaintiffs' lack of standing.

*In re Echeverria*, 2020 WL 2844520, at *3. For the same reasons, the Court should grant judgment on the pleadings in favor of MCM.[3]

**II. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted Because the Letter is Not Misleading to the Least Sophisticated Consumer.**

Judgment on the pleadings is also warranted because Plaintiff's Complaint fails to state a claim upon which relief may be granted. In determining whether a debt collector's letter violates the FDCPA, the letter must be analyzed from the perspective of the least sophisticated consumer. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010). The least sophisticated consumer can be presumed to possess rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *Clomon v. Jackson*, 988 F.2d

---

[3] Plaintiff also lacks standing because she has not suffered a concrete injury necessary for Article III standing. *See TransUnion v. Ramirez*, 141 S. Ct. 2190, 2203 (U.S. 2021). Plaintiff's sole allegation is that the Statement "impacted [her] decision to pay the subject debt." [ECF No. 1, ¶ 28]. It is undisputed that Plaintiff ultimately did not pay the subject debt. [*Id.*, ¶ 31].

1314, 1319 (2d Cir. 1993)). Moreover, the test "has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness. " *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1269 (11th Cir. 2019) (quoting *Leblanc*, 601 F.3d at 1194). In short, the least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters.

Plaintiff's "stop the calls" theory suggests all communications with a consumer must inform Plaintiff of her rights to cease communications under section 1692c(c) of the FDCPA. That theory has been consistently rejected by federal courts. *See, e.g.*, *Moyer v. Patenaude & Felix, A.P.C.*, 991 F.3d 466, 471 (3d Cir. 2021); *Stimpson v. Midland Credit Management, Inc.*, 944 F.3d 1190, 1200–01 (9th Cir. 2019); *Chadwick v. Bonneville Billing & Collections, Inc.*, No. 1:20-CV-132-TS, 2021 WL 1140206, at *1 (D. Utah Mar. 25, 2021).

In *Stimpson*—in the face of this exact argument—the Ninth Circuit ruled that there is no duty to advise a consumer of their rights under section 1692(c). 944 F.3d at 1201. There, the plaintiff argued that the letter at issue was misleading because it stated that a benefit of paying the debt is "[n]o more communication on this account," but did not inform him that he has a right to demand that communications cease under the FDCPA, § 1692c(c). *Id.* The Court disagreed. The Ninth Circuit explained that "the letter merely states, accurately, that one of the 'benefits of paying [the] debt' is '[n]o more communication on th[e] account.'" *Id.* Therefore, the Court found that Midland had no obligation to inform Plaintiff that he could request that communications cease under § 1692c(c). *Id.*

Here, the same is true. The least sophisticated debtor, reading the notice in its entirety, would see that the Statement appears under the heading "Flexibility You Need" which outlines

5

some of the benefits of selecting a repayment option. As such, the Statement informs the consumer that a benefit of selecting payment options would include no more calls from MCM—not as the only way to stop MCM's calls. Accordingly, Plaintiff's claims are directly contradicted by the language of the Letter read in its entirety. To that end, the Letter even states that "other options are available through 06-30-2020." [ECF No. 1].

In *Moyer*, the Third Circuit also rejected Plaintiff's theory. 991 F.3d at 471. This case involved a letter that invited the plaintiff to contact the debt collector "[i]f you wish to eliminate further collection action." *Id.* The Third Circuit expressly held that such a statement was not deceptive or false even though it did not provide *all* options available to a consumer:

> [Debtor's] argument fails because [Defendant] never claimed the phone call was a "legally effective" means of stopping collection efforts. [Defendant] invited [Debtor] to call to "eliminate" collection action, but never asserted, explicitly or implicitly, that the phone call would, by law, force [Defendant] to cease its collection efforts. [Debtor] reads into the invitation an implication that it does not create.

*Id.* Similarly, here, Plaintiff reads into the Statement an implication that it does not create. This is the exact type of "bizarre or idiosyncratic" interpretation that the least sophisticated consumer standard is designed to prevent. *Holzman*, 920 F.3d at 1269.

Similarly, in *Chadwick*, the letter at issue stated that the debt collector was "allowing you to make the decision to either come into our offices, or call to make arrangements on this judgment." 2021 WL 1140206, at *1. "Either" in that context is the same as "one" in MCM's letter; yet, the Utah court described the "stop the calls" theory as bizarre and idiosyncratic. *Id.* at *2. Specifically, the Court states that "[c]ertainly a recipient might have unanswered questions about his or her options upon receipt of the letter—'[a]re there other methods to pay the debt or stop collections activities?'—but this does not render the letter false or deceptive." *Id.* at *3. Here, Plaintiff, like the plaintiff in *Chadwick*, "stretches the letter's meaning beyond reason." *Id.*

6

Each of these courts rejected the theory that such communications are deceptive. Each of the courts to have considered the "stop the calls" theory has identified the same fundamental flaw – telling the consumer that taking a certain action is sufficient to stop further conduct does not imply that is the only action that could stop further conduct.  Like here, each letter provided a discrete option for the consumer to "stop the calls," none of which was the statutorily available option under section 1692c(c). Yet, in the face of the exact argument, the *Stimpson* court ruled that there is no duty to advise a consumer of their rights under 1692c(c), and the *Moyer* and *Chadwick* courts rejected out-of-hand the notion that such a letter is in any way confusing to even the least sophisticated consumer.

In all of the above cases, the Courts have rejected Plaintiff's position that a letter violates the FDCPA when it informs a consumer that she may "stop the calls" by responding to the letter or contacting the debt collector, without informing the consumer of her rights under 1692c(c). Accordingly, MCM is entitled to judgment on the pleadings in its favor.

WHEREFORE, MCM respectfully requests that the Court enter Judgment on the Pleadings in favor of Defendant, MCM, and grant such other relief as is proper.

Dated: September 30, 2021.

By: */s/ Cory W. Eichhorn*
Cory W. Eichhorn
Florida Bar No. 576761
cory.eichhorn@hklaw.com
Sydney Alexander, Esq.
Florida Bar No. 1019569
Sydney.alexander@hklaw.com
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2021, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner authorized on the Service List below.

/s/ *Cory Eichhorn*
Cory W. Eichhorn

**SERVICE LIST**

Alejandro Emmanuel Figueroa
Sulaiman Law Group, Ltd.
2500 South Highland Avenue., Suite 200
Lombard, IL 60148
Phone: 630-575-8181
Fax: 630-575-8188
Email: alejandrof@sulaimanlaw.com

*Attorney for Plaintiff*